

# The Attorney General of Texas

December 2, 1985

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable F. Duncan Thomas
District Attorney
P. O. Box 441
Greenville, Texas    75401

Opinion No. JM-384

Re:  Whether certain fees may
be charged by a district clerk

Dear Mr. Thomas:

You ask about the fees a district clerk may charge in connection with a lawsuit filed in district court. At the time a suit is filed in district court a fee of $75.00 is due and payable. Gov't Code §51.317(b)(1) (formerly V.T.C.S. art. 3927, §1; amended by Acts 1985, 69th Leg., ch. 239, at 2038); Acts 1985, 69th Leg., ch. 480, at 3932 (bill adopting Gov't Code). A catchall provision authorizes district clerks to charge reasonable fees for the performance of duties for which the legislature has set no fee. Gov't Code §51.319(5) (formerly V.T.C.S. art. 3928, §5). You ask whether the catchall provision authorizes a district clerk to charge, in addition to the initial $75.00 filing fee, reasonable fees for filing each order and judgment in a suit. You inform us that the Office of Court Administration takes the position that the initial $75 fee covers all clerical services in a suit except those for which additional fees are expressly provided. We think that the Office of Court Administration has interpreted the statute correctly.

We base our conclusion on the structure and language of the applicable fee statutes. Gov't Code §§51.317 – 51.319. The legislature has provided for fees to be charged by the clerk at the time a suit is filed in district court. Gov't Code §51.317(b)(1). The legislature has also set fees to be charged for the performance of certain services by a district clerk at the time of performance or request for performance and has provided that any such fee is "in addition to a fee under Section 51.317." Gov't Code §51.318(a). That language implies that other duties performed by a district clerk in connection with a lawsuit are covered by the initial fee.

A 1980 case supports our reading of section 51.317(b)(1). Rodeheaver v. Aldridge, 601 S.W.2d 51 (Tex. Civ. App. – Houston [1st Dist.] 1980, writ ref'd n.r.e.). In Rodeheaver the court dealt with the following language:

> For each adverse action or contest, other than
> the filing of a claim against an estate, in a
> cause or docket in a probate court, a fee to be
> due and payable and to be paid by the party or
> parties starting or initiating such adverse action
> or contest, but excluding other items listed in
> Paragraphs A, B, C, and D of this Section 1, of
> $25.00.

V.T.C.S. art. 3930(b), §1B(1)(c). The court concluded that the $25 fee covered various duties performed by the county clerk during the course of the suit:

> A reading of Article 3930(b) shows that the
> $25.00 fee which the county clerk is to collect
> for each filed adverse action or contest covers
> not only the clerk's services for the initial
> filing of the action but also many other services
> which will accrue during the processing of the
> suit. Thus, the statutory fee is, in effect, an
> advance payment for the cost of services which
> have not been rendered at the time the fee is
> collected.

Rodeheaver, 601 S.W.2d at 54. We think section 51.317(b)(1) must be read in the same way.

Because the legislature has set a $75 fee[1] that covers the filing of orders and payments in a suit, the catchall provision is inapplicable to such filings since it applies only when the legislature has not set a fee to cover the clerk's performance of a duty.

---

1. The Sixty-ninth Legislature amended article 3927 to increase the initial filing fee for a suit in district court from $25.00 to $75.00. Acts 1985, 69th Leg., ch. 239 at 2038. The text of the Government Code, which was adopted in the same legislative session, states that the initial filing fee is $25.00. Gov't Code §51.317(b)(1), Acts 1985, 69th Leg., ch. 480, at 3932. The same bill that enacted the Government Code repealed article 3927. Id. at 4088. The increase in the filing fee is effective, nonetheless, because the repeal of a statute by a code does not affect an amendment of the statute by the same legislature that enacted the code. V.T.C.S. art. 5429b-2, §3.11(c). And the codification was not intended to effect a substantive change in the law. Acts 1985, 69th Leg., ch. 480, §27, at 4090.

## S U M M A R Y

The initial fee of $75.00 for filing a suit in district court covers the services performed by the district clerk during the course of the suit except for the service for which a fee is expressly provided. Gov't Code §51.317.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton
Sarah Woelk
Bruce Youngblood